FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2013 DEC 11 PM 2:48

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ESSEX INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-253
)
SEGA VENTURES, LLC; )
REVOLUTIONS NIGHT CLUB, INC.; )
MAMEDD, LLC; DERRICK WOODS, )
and JEROME BROWN; )
)
    Defendants. )
)

## O R D E R

Plaintiff Essex Insurance Company has filed a complaint in this Court that seeks a declaratory judgment regarding insurance coverage under a policy it issued to Defendant SEGA Ventures, LLC ("SEGA"). (Doc. 1 ¶ 1.) In the complaint, Plaintiff attempts to invoke this Court diversity jurisdiction. (Id. ¶ 13.) However, the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir.

1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the complaint does not include a list of the individual members, along with their citizenship, of Defendants SEGA and Mamedd, LLC ("Mamedd"). Rather, the complaint simply states that both Defendants SEGA and Mamedd are Georgia corporations with their principal places of business in Georgia. (Doc. 1 ¶¶ 8, 10.) The complaint relies on these allegations to advance the general

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as

conclusion that complete diversity exists between the parties because "Plaintiff and Defendants are citizens of different states." (Id. ¶ 13.) Such general allegations, however, are insufficient for Plaintiff to carry its burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082.

Accordingly, Defendants are **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. The amended complaint should properly include the citizenship of each party to this case, specifically the names and citizenships of each member of every limited liability company that is a party to this case.

SO ORDERED this 11th day of December 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.