# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV413-253 |
| | ) | |
| SEGA VENTURES, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The Court directed plaintiff, Essex Insurance Company, to show cause why this case, substantially inactive for more than two years, should not be dismissed. Doc. 74. Plaintiff responded and informed the Court that the lawsuit, which underlies this declaratory judgment action concerning its duty to indemnify, remains ongoing and, until that suit is resolved, no further progress can be made here. *See* doc. 75.

The Court appreciates counsel's prompt response to its show-cause Order. It also appreciates the practicalities of managing parallel litigation. Neither counsel's diligence nor the practical impediments warrant leaving this case languishing on the Court's docket for year after year. Counsel is advised that, in such situations, the Court's preferred procedure is for counsel to: (1) confer with opposing counsel and determine whether the

parties might agree to a *limited* stay, and (2) if consent is not forthcoming, move unilaterally for such a stay. Alternatively, and perhaps even preferably, where a substantial delay is anticipated and the parties wish to avoid the trouble and expense of periodically renewing stays, they, or either of them, may move for the case to be administratively closed. *See, e.g.*, *In re Heritage Southwest Medical Group PA*, 464 F. App'x 285, 287 (5th Cir. 2012) ("administrative closure does not have any effect on the rights of the parties and is simply a docket-management device.").

Accordingly, the parties are **DIRECTED** to confer and, within seven days from the date of this Order, move for either a limited stay or administrative closure.

**SO ORDERED,** this 25th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA